MR. CHIEF JUSTICE HASWELL,
dissenting:
I would vacate the judgment of the District Court and remand this case for decision under the correct standard of review. In my view, the majority of this Court have usurped the statutory function of the District Court in appeals under the Unemployment Compensation Act.
The essential facts of this case bear repeating. The deputy in the department examined the claims and found claimants ineligible for unemployment compensation benefits because there had been a work stoppage in the City of Billings. Thereafter, following an extensive hearing in which testimony was taken, written exhibits received and briefs filed, the appeals referee entered findings to the same effect. Finally, the Board of Labor Appeals, on the same record, entered contrary findings that there was no work stoppage and ordered unemployment compensation benefits *54 paid. The matter was appealed to the District Court, who reviewed the decision of the appeals referee, found “reliable, probative and substantial evidence on the whole record” supporting the decision of the appeals referee and that such decision was not “clearly erroneous,” reversed the decision of the Board of Labor Appeals, and reinstated the decision of the appeals referee. The judgment of the District Court has been appealed to us for review.
The correct statutory standard of judicial review by the District Court provides in pertinent part:
“In any judicial proceeding . . . the findings of the Board [of Labor Appeals] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said [District] Court shall be confined to questions of law . . .” Section 39-51-2410(5), MCA. [Bracketed words inserted.]
The District Court did not apply this standard of judicial review. Instead, the District Court applied the review procedure in the Montana Administrative Procedures Act, considered the appeals referee to be the fact-finder, found his decision supported by substantial evidence and not clearly erroneous, and reversed the Board of Labor Appeals.
If the statutory appeal procedure means anything, it requires the District Court to review the evidence under the proper standard of judicial review in the first instance, determine whether the findings of fact by the Board of Labor Appeals are supported by the evidence, and apply the law on eligibility for unemployment compensation benefits. This function requires the District Court to exercise its discretion in determining what are findings of fact and what are conclusions of law. More specifically, is the existence of a work stoppage a question of fact or a conclusion of law under the Unemployment Compensation Act? We, in turn, review the District Court judgment to determine whether the District Court abused its discretion.
The majority have by-passed the statutory appeal procedure in the name of expediency and their conclusion that *55 the District Court has predetermined the issue of work stoppage. In so doing, they have eliminated the discretion lodged in the District Court and assumed that discretion themselves.
I find no authority in the Unemployment Compensation Act that permits the Board of Labor Appeals to make findings directly contrary to the appeals referee on the same, identical evidence. The majority have held, at least by implication, that the Board of Labor Appeals can redetermine de novo the credibility of witnesses, the weight to be given their testimony, and what the evidence proves without regard to the findings of the department deputy or the appeals referee. In so doing, they have created an omnipotent agency of government evading judicial review.
In this case the Board of Labor Appeals has made no finding on six of the departments of the City of Billings — specifically, the sanitation department, the traffic department, the library, the airport, the department of support services, and the city-county planning department. Instead, the Board of Labor Appeals has made general findings that the critical governmental functions of providing police and fire protection, sewage disposal and water were not diminished in any significant amount. What are “critical governmental functions” and what is the meaning of “any significant amount”? The Board of Labor Appeals has also made a general finding that there was no significant reduction in services as a whole and no evidence that entire services to the City were diminished 10 percent. The Board also found that there was no significant reduction in services to the City of Billings and that supervisory personnel with no one to supervise could carry on the functions. This is tantamount to a finding that the 379 striking employees performed no significant services to the people of Billings.
The appeals referee, on the. other hand, found that in the sanitation department twenty-eight routes are normally serviced but only eight could be serviced because of lack of manpower and that homeowners had to haul their garbage *56 to collection points in parks or to the dump. The appeals referee also found that the street department usually used 200 tons of asphalt each week to patch the potholes, but that during the strike only two tons were used and that the street sweeping and cleaning could not be performed. The appeals referee found that bus service was curtailed and some routes and schedules were abandoned and that during the strike there were 22,750 fewer passengers than normally ride the buses. The appeals referee found that library hours were reduced and some library programs discontinued.
The foregoing are examples of the contrary findings of the appeals referee and the Board of Labor Appeals on the same evidence. Who can say with certainty what are findings of fact and what are conclusions of law? This is the function of the District Court, and our function is to determine whether the District Court abused its discretion.
For the foregoing reasons, I would remand the case to the District Court for judicial review under the correct standard of review.